

# The Attorney General

# of Texas

### Austin 11, Texas

PRICE DANIEL
ATTORNEY GENERAL

May 17, 1949

Hon, Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-829

Re: Classification for inher-
itance tax purposes of
son of decedent's divorced
former wife.

Dear Sir:

From your letter requesting an opinion of this office and from the file attached thereto we have gathered the following facts.

Otis Phillips, Sr. died testate on August 14, 1947. By the terms of his last will and testament all of his property was to be divided equally between his four named children, Clevy Phillips, his former wife, the mother of his four children, from whom he was divorced in 1944, and Arthur Hamilton, the son of Clevy Phillips by a marriage prior to her marriage to Otis Phillips, Sr.

Your question is whether Arthur Hamilton should be classified for inheritance tax purposes in Class A (Article 7118, V.C.S.) or Class E (Article 7122, V.C.S.). To come within Class A Mr. Hamilton must come within the group provided for by the phrase "any direct lineal descendant of husband or wife . . ." In the event that he cannot be so classified, the provisions of Class E are applicable.

In Opinion No. 0-7273, dated June 30, 1946, Hon. Grover Sellers, then Attorney General, ruled that the daughter of a divorced husband of the testatrix was not a "direct lineal descendant of /the7 husband" of the testatrix. Since that date the consistent "executive or departmental construction" of this section of the statute has been in accordance with this ruling. We do not feel authorized to depart from this construction unless it has been overturned by the Courts or unless it is clearly in error. It is urged in the brief submitted in support of Class A classification that the facts of this case distinguish it from the case presented in Opinion No. 0-7273 in that in this case children were born of the testator and Mr. Hamilton's mother. Various authorities are cited in discussing the point that

under the same or similar facts the relationship by affinity continues though the marriage is dissolved by divorce or death.

Assuming without deciding that the relationship by affinity continued to exist between Arthur Hamilton and Otis Phillips, Sr. after his divorce from Arthur Hamilton's mother, still the question is whether he can come within the particular provision here involved. We are of the opinion that the wording of this provision and the decision of the Court of Civil Appeals in Johnson v. Davis, 198 S.W.2d 129 (Tex. Civ. App. 1946, error ref. n.r.e.) precludes the classification sought. Under the holding of the Johnson case Clevy Phillips, the mother of Arthur Hamilton, cannot come within the provisions of Class A as a "wife" of the decedent. This being so, we are of the opinion that Arthur Hamilton is not a "direct lineal descendant of . . ./a/ wife" of the decedent. You are therefore advised that he should be given Class E classification.

## SUMMARY

The son of decedent's divorced former wife should be classified for inheritance tax purposes under Class E (Art. 7122, V.C.S.). Cf. Johnson v. Davis, 198 S.W.2d 129 (Tex. Civ. App. 1946, error ref. n.r.e.); Opinion No. 0-7273.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Marietta McGregor Creel

Mrs. Marietta McGregor Creel
Assistant

MMC:b:mwb

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL